**IN THE U.S. FEDERAL DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| **Jane Doe** ) | |
| **Virginia** ) | |
| ) | |
|     **Plaintiff,** ) | Case No: 24-598 |
| ) | |
|     vs. ) | **Jury Demand** |
| ) | Action for Defamation |
| **Christ Church Georgetown &** ) | |
| **Timothy Cole** | |
| **3116 O St NW** | |
| **Washington DC 20007** | |
| | |
|     **Defendants.** | |

## **INTRODUCTION**

Plaintiff Jane Doe, by and through her undersigned counsel Dhali PC, brings this action for Defamation, Defamation Per Se, False Light and Slander, and Infliction of Emotional Distress against Defendants Timothy Cole and Christ Church Georgetown, based on their multiple false, negligent, reckless, malicious, vicious, horrific, defamatory statements to non-privileged third parties, defaming the Plaintiff, affecting Plaintiff's reputation in the community and causing Plaintiff immense pain and suffering, emotional distress, mental anguish, shame, humiliation, loss of standing in the community, ostracization, reduced social ties, loss of enjoyment in life, and severe worsening of her disability (PTSD). These false, defamatory statements were presented as fact. Consequently, an action for the violation of the laws now follows.

## PART I. PARTIES

1. The Plaintiff Jane Doe attended services every Sunday at Christ Church Georgetown

2. The Defendant Christ Church Georgetown is a church located in the District of Columbia.

3. The Defendant Timothy Cole is the rector at Christ Church Georgetown.

## PART II. STATEMENT OF FACTS.

4. Plaintiff is a single female, and resident of Virginia.

5. Plaintiff is highly educated (with an MBA from a globally top-ranked business school and a CFA Charter-holder, the 'gold standard' qualification in international finance) and a former institutional investor with three of the top-ranked global investment management firms. More recently, she has been devoted to pioneering advocacy work focusing on reversing economic inequality and stopping the assault on democracy.

6. Plaintiff is also a survivor of gender violence and suffers from the consequent disability of such trauma – Post-Traumatic Stress Disorder (PTSD).

7. A core and critical part of Plaintiff's therapy was her attendance at and relationship with Christ Church Georgetown, which brought Plaintiff tremendous, invaluable, incalculable spiritual nourishment and comfort.

8. Defendant Christ Church Georgetown is a church located at approximately 3116 O St NW, Washington DC 20007, which is on the corner of O Street NWand and 31st Street NW.

9. Defendant Timothy Cole is the rector at Christ Church Georgetown, who resides in a house beside Christ Church Georgetown.

10. On March 6, 2023, Plaintiff made her first complaint to Defendant Cole about the inappropriate conduct (sexual harassment, propositioning Plaintiff) after church services by a male member of Christ Church Georgetown's vestry. A "vestry," is approximately the same as the board of directors of a corporation. This member of the vestry told Plaintiff that he was very close friends with Defendant Cole. Defendant Cole was extremely dismissive of Plaintiff's complaint and responded very inappropriately to Plaintiff's complaint. Plaintiff has been informed by other clergy members that Defendant Cole has a long track record of "treating women very badly" and subjecting several women to gender discrimination.  Prior to his role at Christ Church Georgetown, Defendant Cole spent much of his career in an institution (the British military) that is the focus of repeated Parliamentary reviews and investigations for extensive, pervasive, deeply-routed misogyny, gender discrimination and sexual assault – an institution that typically fires women who make any complaints of such conduct.

11. After Plaintiff made her complaint, from approximately late March 2023 and into April of 2023, several parishioners and members of  the Christ Church Georgetown community told Plaintiff that they had heard Defendant Cole and vestry members of Defendant Christ Church Georgetown state as fact that Plaintiff had attempted to kill an elderly man, that Plaintiff had repeatedly physically harmed the same elderly man, that Plaintiff had attempted to steal this elderly man's home, and engage in other criminal acts.

12. In fact, none of these statements are true and are demonstratively false.

13. The source of these false, negligent, reckless, malicious, vicious, horrific, defamatory criminal allegations is John Cheeks who subjected Plaintiff to sustained and extreme stalking over a long period of time, for which Plaintiff was granted a full Civil Protection Order, as well as a second Civil Protection Order for assault. This man's false, malicious, vicious, horrific criminal allegations constituted a core part of his stalking actions, which included repeatedly telling police that Plaintiff was a drug addict, a British intelligence agent working under-cover as a prostitute at a local hotel, a Muslim terrorist from South Africa who was bleaching her skin and hair, and so forth – while later admitting under oath that he in fact had absolutely no basis for making any such false allegations and statements.

14. In concluding the stalking CPO trial, the D.C Superior Court noted that at least eight times during his testimony, this man blatantly contradicted himself.

15. Plaintiff is also the plaintiff in a separate case against Cheeks and in the face of an abundance of evidence to support her case, this man is continuing his stalking actions, which comprise continuing to make wild, false, vicious, malicious criminal allegations of various sorts – specifically, the above false, defamatory statements by Defendants here in this case.  As such, Defendants in this case are assisting and participating in this man's stalking actions with their false, defamatory statements of criminal conduct.

16. Evidence obtained during discovery also show that this man and his associates were committing some of the same crimes that he falsely, maliciously alleged that Plaintiff had committed, such as defrauding an elderly male of his property.

17. Defendant Cole and Defendant Christ Church Georgetown made these false, negligent, reckless, malicious, vicious, horrific, defamatory statements as clear retaliation for

Plaintiff's complaints about Defendant Cole's close friend and Christ Church Georgetown vestry-member, in a successful effort to ostracize and ultimate eject Plaintiff from the Christ Church Georgetown community.

18. Defendant Cole and Defendant Christ Church Georgetown's false, negligent, reckless, malicious, vicious, horrific, defamatory statements caused Plaintiff immense pain and suffering, extreme emotional distress, mental anguish, shame, humiliation, loss of standing in the community, ostracization, reduced social ties, loss of enjoyment in life, as well as severely worsening of her disability (PTSD).

## PART III. CAUSES OF ACTION

## COUNT I. DEFAMATION

19. Plaintiff incorporates by reference all the allegations above.

20. Defendant is liable for defamation when he (i) makes false or defamatory statement against the Plaintiff; (ii) the Defendant published the statement without privilege to a third party; (iii) the publication amounted to negligence and (iv) the statement was actionable as a matter of law. *See Jankovic v. International Crisis Group*, 429 F. Supp. 2d. 165, 173) (D.D.C. 2006). Additionally, a statement of opinion can be actionable if "it has an explicit or implicit factual foundation and is therefore objectively verifiable." *Armstrong v. Thompson*, 80 A.3d 177, 184 (D.C. 2013).

21. In here the misrepresentation and multiple false statements by Defendants of Plaintiff have no basis in fact and can be shown to be demonstratively false.

22. Defendants intentionally and maliciously defamed Plaintiff in clear retaliation for her complaints of sexual harassment causing further harm to Plaintiff's reputation.

23. Defendants' false and defamatory statements were also made with ill-intent or ill will, and were said with an intent or desire to injure Plaintiff, with such gross indifference and recklessness as to amount to a wanton or willful disregard of Plaintiff's rights.

24. As a direct and proximate result of the defamation, the Plaintiff has suffered and will in the future continue to suffer damages, including past pecuniary expenses, future pecuniary expenses, damaged reputation, embarrassment, humiliation, severe mental anguish, distress, pain and suffering.

25. Due to the severity and persistence of the Defendants' defamatory conduct, the Plaintiff is also entitled to punitive damages, and all other legal and equitable damages as this Court sees fit.

## COUNT II. DEFAMATION PER SE

26. Plaintiff incorporates by reference all the allegations above.

27. The nature of Defendants' false, defamatory statements was of the gravest nature – of horrifying criminal conduct. As such, this constitutes defamation per se.

28. Defendant is liable for defamation when he (i) makes false or defamatory statement against the Plaintiff; (ii) the Defendant published the statement without privilege to a third party; (iii) the publication amounted to negligence and (iv) the statement was actionable as a matter of law. *See Jankovic v. International Crisis Group*, 429 F. Supp. 2d. 165, 173) (D.D.C. 2006). Additionally, a statement of opinion can be actionable if "it has an explicit or implicit factual foundation and is therefore objectively verifiable." *Armstrong v. Thompson*, 80 A.3d 177, 184 (D.C. 2013).

29. In here the misrepresentation and multiple false statements by Defendants of Plaintiff have no basis in fact and can be shown to be demonstratively false.

30. Defendants intentionally and maliciously defamed Plaintiff in clear retaliation for her complaints of sexual harassment etc, causing further harm to Plaintiff's reputation.

31. Defendants' false and defamatory statements were also made with ill-intent or ill will, and were said with an intent or desire to injure Plaintiff, with such gross indifference and recklessness as to amount to a wanton or willful disregard of Plaintiff's rights.

32. As a direct and proximate result of the defamation, the Plaintiff has suffered and will in the future continue to suffer damages, including loss of past and future income, lost past and future career and business opportunities, past pecuniary expenses, future pecuniary expenses, damaged reputation, embarrassment, humiliation, severe mental anguish, distress, pain and suffering.

33. Due to the severity and persistence of the Defendants' defamatory conduct, the Plaintiff is also entitled to punitive damages, and all other legal and equitable damages as this Court sees fit.

## **COUNT III. FALSE LIGHT & INVASION OF PRIVACY**

34. Plaintiff re-alleges by reference all the allegations above.

35. In this jurisdiction, invasion of privacy-false light claim requires a showing of: "(1) publicity (2) about a false statement, representation or imputation (3) understood to be of and concerning the plaintiff, and (4) which places the plaintiff in a false light that would be offensive to a reasonable person." *Bean v. Gutierrez*, 980 A.2d 1090, 1094 (D.C. 2009)

36. In the present instance, Defendants have shown Plaintiff in a false light and invaded her privacy by defaming that is harmful to the reasonable person. Defendants' false,

defamatory statements were made such that a reasonable person can conclude that it involved the Plaintiff and that it was offensive to her and her reputation.

37. Defendants knowingly and intentionally defamed Plaintiff, causing further harm to her reputation.

## COUNT IV. INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff reincorporates by reference all the allegations above.

39. Defendants knowingly, recklessly and intentionally published the false and defamatory statements regarding Plaintiff across the Christ Church Georgetown community (and possibly beyond), with full knowledge of the potential that this may cause a harm to her reputation in the community.

## PART IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jane Doe respectfully requests this Court to award damages in an amount no less than five hundred thousand dollars ($500,000.00) and in addition to:

A. Enter judgment for the Plaintiff Jane Doe against Defendants Timothy Cole and Christ Church Georgetown on all counts;

B. Award Plaintiff actual, assumed, punitive and liquidated damages, including loss of professional status and career-enhancing opportunities;

C. Award Plaintiff pecuniary and out of pocket expenses;

D. Order Defendants to pay all reasonable attorney's fees, court costs, and expenses; incurred by the Plaintiff as a result of Defendants' actions and inactions, as well as pre judgment and post-judgment interest; and

E. Order such and all other equitable and legal relief as the Court deems appropriate, and or under the laws of the District of Columbia.

## **PART V. JURY DEMAND**

Plaintiff requests a trial by Jury on all counts.

Respectfully Submitted,

/s/ A.J Dhali
D.C. Bar No. 495909
Dhali PLLC
1629 K. Street. NW. Suite 300
Washington D.C. 20036
T: (202) 556-1285
F: (202) 351-0518
Email: ajdhali@dhalilaw.com
***Attorney for the Plaintiff Jane Doe***
***Friday March 1, 2024***