UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JANE DOE, <br><br> Plaintiff, <br><br> v. <br><br> CHRIST CHURCH GEORGETOWN, *et al.*, <br><br> Defendants. | Civil Action No. 24-598 (JEB) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jane Doe, a regular at Sunday services at Christ Church Georgetown, has sued her church and its rector, Reverend Timothy Cole, for defamation, defamation *per se*, false light, invasion of privacy, and infliction of emotional distress. See ECF No. 1 (Compl). She claims that following services one day, a member of the church's vestry — *i.e.*, governing board — sexually harassed and propositioned her. Id., ¶ 10. After Plaintiff complained to Cole about that incident, he and other vestry members allegedly began spreading false rumors that she had committed crimes — including attempted murder and theft — against an elderly man. Id., ¶ 11. The "source" of those rumors, says Doe, was an individual named John Cheeks who has been stalking her "over a long period of time," notwithstanding multiple civil protection orders. Id., ¶¶ 13–16. Apparently, Cheeks "and his associates" committed "some of the same crimes" that he accused her of committing. Id., ¶ 16. Plaintiff believes that Cole and other vestry members knew that Cheeks's rumors were not true and spread them "to ostracize and ultimately eject [her] from the Christ Church Georgetown community." Id., ¶ 17.

1

Concerned about her personal safety, Plaintiff has filed a Motion to Proceed Under Pseudonym. See ECF No. 2 (Mot.). As she has not made the detailed showing required to overcome the presumption in favor of disclosure, the Court will deny the Motion. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

## I. Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,

[5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II. Analysis

Plaintiff has not met her burden to show that her privacy interests outweigh the public's interest in learning her identity. The Court addresses the five pseudonymity factors in turn.

First, disclosure of Doe's identity will not reveal any information of a "sensitive [or] highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97). While Doe asserts that she is seeking pseudonymity "[f]or her personal safety," Mot., ¶ 3, not "merely to avoid the annoyance and criticism that may attend any litigation," In re Sealed Case, 971 F.3d at 326, the Complaint discloses no "intimate or sensitive personal information" of the kind "traditionally recognized under this factor, such as sexual activities, reproductive rights, [and] bodily autonomy," or any other kind, for that matter. Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (cleaned up). Although it alleges sexual harassment, and Plaintiff's Motion emphasizes that she is "a victim and survivor of domestic assault," Mot., ¶ 5, the Complaint contains no allegations of assault — sexual or otherwise. See Roe v. Bernabei & Wachtel PLLC, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) ("Sexual harassment is not typically considered a matter so highly personal as to warrant proceeding by pseudonym."); cf. Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 63–64 (D.D.C. 2019) (contrasting sexual assault and sexual harassment and noting that courts "generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault," but not sexual harassment). Nor does it describe the aforementioned domestic assault or any other "matters" that could be considered "of the utmost intimacy." Doe v. De Amigos, LLC, 2012 WL 13047579, at *2

(D.D.C. Apr. 30, 2012); cf. Doe v. Burns, No. 23-2937, ECF No. 7 at 3–4 (D.D.C. Oct. 5, 2023) (factor favored pseudonymity where plaintiff vividly described sexual assault).

The second factor — the "risk of retaliatory physical or mental harm" to Plaintiff and to "innocent non-parties" — cuts the other way. In re Sealed Case, 971 F.3d at 326 (cleaned up). Doe seems to fear physical harm if her name is revealed in connection with this litigation. Specifically, she "does not wish for [Cheeks] to know her whereabouts and her affiliation with [Christ] Church" because she is worried that he will use that information to perpetrate "additional physical aggravation and/or assaults" against her. See Mot., ¶ 5; see also id., ¶ 2 ("Publicly exposing Plaintiff's activities and locations that she visits exposes her to further potential stalking and assault by the men against whom Doe was granted [civil protection orders]."); Compl., ¶¶ 13, 16 (describing Cheeks's past stalking actions and criminal activities). To be sure, Plaintiff does not attach an affidavit supporting these claims, cf. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (referencing affidavits in support of motion), and "[d]iscovery may well render [her] concerns unsupported and unwarranted." Doe v. Fed. Republic of Germany, 2023 WL 4744154, at *3 (D.D.C. July 3, 2023). At this early stage, however, the allegations in the Complaint are sufficient to find that this factor helps her cause.

The third and fourth factors counsel against granting the Motion. As to the third, Plaintiff acknowledges that her case does not implicate minors' privacy interests. See Mot., ¶ 5. With respect to the fourth, Christ Church Georgetown and Cole are a private institution and an individual, respectively, "who presumably have concerns about their respective reputations." Doe 1, 369 F. Supp. 3d at 67; cf. De Amigos, 2012 WL 13047579, at *3 ("Whether the defendant is a governmental entity or a private defendant is significant because governmental

bodies do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing.") (cleaned up).

Finally, the fifth factor favors Doe's Motion. Defendants would suffer no unfairness if the Motion were granted because she has offered to disclose her identity under seal — and it seems that they already know it, in any event. See Mot., ¶ 7; see also In re Sealed Case, 971 F.3d at 326 n.1 (this factor is "not implicated" where defendant knows plaintiff's identity).

On balance, although the second and fifth factors lend some support to Plaintiff, the others tip the scale toward disclosure. The Court therefore finds that Plaintiff has not met "the weighty burden" of "demonstrating a concrete need" for pseudonymity in this lawsuit. In re Sealed Case, 971 F.3d at 326.

One final note bears mention: Doe styled her Motion as a "Motion for Leave to File her Complaint Under a Pseudonym and/or to File the Complaint Under Seal." Mot. at 1 (typeface altered). Because she declined to address the six-factor sealing inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980), however, the Court does not march through a Hubbard analysis here to determine whether sealing is warranted.

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion to Proceed Under Pseudonym is DENIED; and
2. Within fourteen days of the Court's Order, Plaintiff shall advise the Clerk of the Court whether she wishes to proceed with the case; if so, she shall file the Complaint on the public docket using her real name.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: March 8, 2024