UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOE,

    Plaintiff,

    v.

CHRIST CHURCH GEORGETOWN, *et al.*,

    Defendants.

Civil Action No. 24-598 (JEB)

**MEMORANDUM OPINION AND ORDER**

    Earlier this month, Plaintiff Jane Doe sued Christ Church Georgetown and its rector, Reverend Timothy Cole, for defamation, defamation *per se*, false light, invasion of privacy, and infliction of emotional distress. See ECF No. 1 (Compl.). She filed a Motion to Proceed Under Pseudonym, see ECF No. 2 (Initial Mot.), which the Court denied in a Memorandum Opinion and Order, concluding that she had failed to overcome the presumption in favor of disclosure. See Doe v. Christ Church Georgetown (Doe I), ECF No. 3 (D.D.C. Mar. 8, 2024).

    Now proceeding *pro se*, Plaintiff asks the Court to reconsider that determination, presumably under Federal Rule of Civil Procedure 54(b). See ECF No. 5 (Mot. for Reconsideration). Despite her overheated rhetoric and unfounded attacks on this Court, which have no place in such a Motion, the Court will grant her request because her new facts and new arguments nudge her across the pseudonymity line. It will, accordingly, allow her to proceed pseudonymously at this juncture, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1)

1

("Absent statutory authority, no case or document may be sealed without an order from the Court.").

## I. Legal Standard

### A. Reconsideration

Under Federal Rule of Civil Procedure 54(b), "reconsideration of an interlocutory decision is available under the standard 'as justice requires.'" Judicial Watch v. U.S. Dep't of Army, 466 F. Supp. 2d 112, 123 (D.D.C. 2006); accord Lemmons v. Georgetown Univ. Hosp., 241 F.R.D. 15, 21–23 (D.D.C. 2007); see also Doe v. Fed. Republic of Germany, 2023 WL 4744175, at *1 (D.D.C. July 21, 2023) (reconsidering denial of motion to proceed under pseudonym pursuant to Rule 54(b)); Doe, Inc. v. Roe, 2021 WL 3622166, at *1 (D.D.C. June 3, 2021) (same). The "as justice requires" standard may be met where, for example, the court "has patently misunderstood" the parties, strayed far afield of the issues presented, or failed to consider "a controlling or significant change in the law or facts . . . since the submission of the issue." Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004) (cleaned up). "These considerations leave a great deal of room for the court's decision[,] and, accordingly, the 'as justice requires' standard amounts to determining 'whether [relief upon] reconsideration is necessary under the relevant circumstances.'" Lewis v. Dist. of Columbia, 736 F. Supp. 2d 98, 102 (D.D.C. 2010) (quoting Cobell, 224 F.R.D. at 272).

### B. Pseudonymity

As the Court explained in its prior opinion, see Doe I at 2–3, a complaint generally must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more

specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.   Analysis**

In its prior Opinion, the Court analyzed each pseudonymity factor and concluded that the second and fifth lent some support to Plaintiff's Motion, but the others tipped the scale toward disclosure.  See Doe I at 5.  In her lengthy Motion for Reconsideration, Doe attempts to offer a factor-by-factor refutation of that analysis, see Mot. for Reconsideration, ¶¶ 13–63, in addition to accusing this Court of causing her "immense psychological harm and trauma." Id. at 17; see also id., ¶¶ 64–69.  Rather than responding to Doe's *ad hominem* attacks or each of her critiques, the

3

Court will focus on her new facts and arguments, which tilt the first factor in favor of pseudonymity and bolster the strength of the second factor.

With respect to the first, this Court originally concluded that disclosure of Plaintiff's identity would not reveal any information of a "sensitive [or] highly personal nature." Doe I at 3 (quoting In re Sealed Case, 971 F.3d at 326). That was in part because, even though she is a "victim and survivor of sexual assault," her Complaint itself "contains no allegations of assault — sexual or otherwise." Id. at 3 (quoting Initial Mot., ¶ 5). Nor did the Complaint — or her initial Motion — include descriptions of "any other 'matters' that could be considered 'of the utmost intimacy.'" Id. at 3–4 (quoting Doe v. De Amigos, LLC, 2012 WL 13047579, at *2 (D.D.C. Apr. 30, 2012)).

Doe now asserts that "an immense amount of material of searingly intimate, sensitive, highly personal nature — including relating to medical and disability aspects — will emerge" in her case, including: "very graphic details about her previous suicide attempt with a gunshot straight through her upper torso, grazing the wall of her heart, missing her left ventricle by a millimeter, going straight through her left lung and collapsing it, with the bullet then coming out of her back"; "very graphic details about the . . . harrowing symptoms of [Complex PTSD], such as disassociation (which Plaintiff frequently and severely suffers), which is deeply humiliating and stigmatizing to have to reveal under her own name"; and her "history, including regarding the men who stalked and assaulted her, and the consequent disability that their harm caused Plaintiff." Mot. for Reconsideration, ¶¶ 4, 30, 76. She also argues for the first time that she needs to proceed pseudonymously to avoid being wrongly associated with the crimes — including attempted murder and theft — that Defendants have allegedly accused her of. Id., ¶ 73 (citing Emp. #1 v. Dep't of Behav. Health, 2023 WL 6209718 (D.D.C. Sept. 25, 2023)).

4

The Court agrees that the aforementioned information is "sensitive" and "personal." In re Sealed Case, 971 F.3d at 326 (cleaned up); see Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) ("types of intimate or sensitive personal information that are traditionally recognized under this factor" include "sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors") (cleaned up); Charles H. v. Dist. of Columbia, 2021 WL 6619327, at *2 (D.D.C. Apr. 9, 2021) (describing "disabilities and medical histories of plaintiffs[,] . . . including their status and individuals with disabilities," as sensitive under factor one). Although it is less than crystal clear why such information necessarily "will emerge" in and "be part of" this defamation case, in which Doe sues neither her stalker nor sexual-assault perpetrator(s), see Mot. for Reconsideration, ¶ 30, it is plausible that her medical conditions will prove relevant to her efforts to prove the "pain and suffering, emotional distress, mental anguish, shame, humiliation, loss of standing in the community, ostracization, reduced social ties, loss of enjoyment in life, and severe worsening of her disability" that Defendants' actions purportedly caused. See Compl. at 1.

Plaintiff's newly articulated concerns about being unfairly branded as a criminal who attempts to murder and steal from the elderly, moreover, weigh in her favor under factor one. See Emp. #1, 2023 WL 6209718 at *2 (plaintiff's desire to "avoid the risk of being associated with a patient homicide inside a secure forensic unit at a public psychiatric hospital, an association which, if unwarranted, has far [more] [wide-]reaching and damaging impacts than the annoyances of a civil litigation, . . . weigh[ed] in his favor under this factor") (cleaned up); cf. Doe v. Benoit, 2019 WL 13079193, at *4 (D.D.C. Apr. 30, 2019) (finding risk of being "unfairly brand[ed] . . . as a likely terrorist or traitor" sufficient under this factor).

5

The Court, accordingly, finds that Doe has established this time around that she seeks to proceed pseudonymously to "preserve privacy" in — what she believes will be — "a matter of [a] sensitive and highly personal nature." In re Sealed Case, 971 F.3d at 326; see also Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 64 (D.D.C. 2019) (factor one favored sexual-assault victims even though lawsuit was "not against [their] assailant . . . but [was] instead at least one step removed from the alleged incidents of sexual assault") (cleaned up).  The first factor therefore supports her attempt to use a pseudonym.

As to the second factor, the Court already concluded in its prior Opinion that the "risk of retaliatory physical or mental harm" to Plaintiff and to "innocent non-parties" supports Doe's cause. Doe I at 4.  In doing so, it noted that she both "seem[ed] to fear physical harm if her name is revealed in connection with this litigation" and claimed that disclosure would "expose[] her to further potential stalking and assault by the men against whom Doe was granted [civil protection orders]," although Plaintiff did not "attach an affidavit supporting these claims." Id. at 4 (citing Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023)).

Doe has now buttressed her request for pseudonymity under this factor by attaching an Affidavit to her Motion for Reconsideration. See ECF No. 5-1 (Doe Affidavit).  Although she devotes much of that Affidavit to describing how she "ha[s] been feeling" about this Court's ruling and the process of drafting a Motion for Reconsideration, which is simply not relevant to the pseudonymity analysis, she also attests that "[p]ublicly exposing [her] real name will exacerbate the psychological harm that [she has] already suffered and will result in needless additional mental harm." Id., ¶ 1.  In particular, she declares, "Being compelled to have my name on this lawsuit will make the extremely sensitive nature of the harm done to me by Defendants and the harm that it has caused (including the significant worsening of my disability,

6

as well as the past harrowing gender violence and abuse inflicted upon me) permanently available to anyone with internet access, and will thus cause me additional and unnecessary psychological harm." Id., ¶ 2.

The Court appreciates that there is a risk that publicizing Doe's identity could aggravate her existing mental-health disability. Indeed, in cases like this one, courts have often acknowledged that "[h]aving the plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing [the] case." Doe v. Cabrera, 307 F.R.D. 1, 7 (D.D.C. 2014); see id. ("Out of grave concern that the Court could exacerbate any psychological issues the plaintiff is currently experiencing, the Court finds that this factor weighs in favor of anonymity."); De Amigos, 2012 WL 13047579, at *2 (factor two favored plaintiff even though "there is no indication that [plaintiff's] identification poses a risk of retaliatory harm" because "publicity [of the case on the internet] could exacerbate the psychological harm that she has already experienced"); Doe v. Sessions, 2018 WL 4637014, at *4 (D.D.C. Sept. 27, 2018) ("Courts generally find a risk of retaliatory harm in cases where the moving party provides evidence that psychological damage is anticipated if a party's identity is disclosed.") (cleaned up)). It thus concludes that Doe has strengthened her argument under the second factor.

In sum, Plaintiff has supplied enough new facts and arguments to shift the first factor in her favor and fortify the second. With the first, second, and fifth now supporting pseudonymity, the scale has tipped. Doe has, therefore, shown that "justice requires" granting her Motion for Reconsideration. Cf. Judicial Watch, 466 F. Supp. 2d at 123. As a result, she will be permitted to proceed under a pseudonym at this stage, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. That said, after Defendants have

7

been served and entered their appearances, they of course can ask the assigned judge to revisit this Court's pseudonymity determination.

The Court accordingly ORDERS that:

1. Plaintiff's [5] Motion for Reconsideration is GRANTED;

2. Plaintiff may proceed under a pseudonym, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

3. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action; and

4. Within fourteen days of this Order, Plaintiff shall file a sealed declaration stating her true name and address.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: March 29, 2024