**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-598 |
| | ) | Judge Beryl A. Howell |
| | ) | |
| CHRIST CHURCH GEORGETOWN, *et al.*, | ) | |
| | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER**

Pending is defendants Christ Church Georgetown and Timothy Cole's Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 36 (sealed); ECF No. 37 (redacted public version). Consideration of the pending motion could potentially dispose of the case in this Court. Therefore, plaintiff, who is proceeding *pro se*, is advised of the following obligations that she must undertake under the Federal Rules of Civil Procedure and the local rules of this Court. *See Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (holding that a *pro se* party must be advised of consequences of failing to respond to a dispositive motion, including "an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case").

Plaintiff's attention is directed to Local Civil Rule 7, which governs the time within which an opposition to a dispositive motion, such as a motion to dismiss or a motion for summary judgment, must be filed, as well as the consequences of failure to file any opposition. This rule states, in pertinent part:

1

> Within . . . such . . . time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

LCvR 7(b). Note that the method of computing any time period specified in the rules or order is set forth in Rule 6 of the Federal Rules of Civil Procedure. The Court may choose to treat as conceded any motion not opposed within the time limits put in place, or instead choose to consider on the merits any such motion. The Court also may treat as conceded by plaintiff any unopposed arguments the defendant has advanced in support of the motion. *See Texas v. United States,* 798 F.3d 1108, 1110 (D.C. Cir. 2015) ("The rule [LCvR 7(b)] is understood to mean that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded.") (quoting *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) (citing *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003))). "Such a concession acts as [a] waiver, such that a party cannot raise a conceded argument on appeal." *Id.* (internal quotation marks and brackets omitted). Consequently, failure to respond to defendant's motion in this case and to respond in a timely manner carries with it the risk that the case will be resolved in defendant's favor without plaintiff's input.

Accordingly, it is

**ORDERED** that plaintiff shall respond to defendants Christ Church Georgetown and Timothy Cole's dispositive motion, ECF Nos. 36, 37, on or before **December 20, 2024**. Plaintiff's failure to comply with her obligations under the Federal Rules of Civil Procedure and the rules of this Court carries the risk that the motion will be granted based on defendants' assertions, and the case will be dismissed.

**SO ORDERED.**

**DATE**:  December 2, 2024

                                                 **BERYL A. HOWELL**
                                                 United States District Judge

Case 1:24-cv-00598-BAH  Document 38  Filed 12/02/24  Page 3 of 3